OPINION
{¶ 1} Gregory S. Merker appeals from the trial court's decision and entry overruling his objections to a magistrate's decision upholding the Dayton Civil Service Board's termination of his employment for punching a subordinate employee.
 {¶ 2} Merker advances two assignments of error. First, he contends the trial court erred in not addressing the issue of self defense, not assessing the credibility of the witnesses against him, and not considering the impact of "fighting words" that preceded the incident in question. Second, he claims the discipline he received is inconsistent.
 {¶ 3} The record reflects that Merker worked as a supervisor with the Department of Public Works, Division of Wastewater Treatment. On September 18, 2001, he became involved in a locker-room argument with Gary Langford, a subordinate employee. Although Merker disputes some aspects of the incident, he admits that he punched Langford in the forehead and that Langford did not strike him. The following day, Merker reported the incident to Mike Begley, his supervisor. Begley placed Merker on administrative leave and conducted an investigation. As a result of the incident, Merker was charged with conduct unbecoming an employee in the public service for fighting and engaging in abusive, threatening, or coercive treatment of another employee at work. The City fired Merker after a departmental hearing. Merker appealed to the Dayton Civil Service Board, which upheld his termination. He appealed that ruling to the Montgomery County Common Pleas Court. On March 31, 2003, a magistrate affirmed the Civil Service Board's termination order. Merker then filed timely objections, which the trial court overruled on August 11, 2003. This timely appeal followed.
 I {¶ 4} In his first assignment of error, Merker asserts:
 {¶ 5} "The trial court committed prejudicial error by not addressing the issue of self defense and/or not assessing the credibility of the witnesses against mr. merker and its effect and/or the impact of fighting words by mr. langford immediately precipitating the incident."
 {¶ 6} In this assignment of error, Merker claims the trial court "ignored" his self defense argument. In support of his self defense theory, Merker claims he punched Langford once in the head after Langford had instigated the incident by baiting him into fighting. Merker also contends he threw the punch because he feared Langford might punch him. According to Merker, the trial court failed to consider the self defense issue and failed to assess the credibility of witnesses who provided testimony contrary to his own.
 {¶ 7} Upon review, we find no merit in Merker's argument. As an initial matter, it is highly questionable whether Merker's version of events, which essentially alleges a preemptive strike on Langford, could be considered self defense. We need not dwell on this issue, however, because the trial court credited the testimony of Langford and another witness, Richard Harris, both of whom recalled a somewhat different version of events. According to those witnesses, Merker approached Langford, punched him in the head, placed him in a headlock, and continued punching until Harris separated them.
 {¶ 8} Contrary to Merker's argument on appeal, the trial court did acknowledge his self defense argument. (Doc. # 42 at 8). It simply believed the testimony of Langford and Harris and, after conducting a de novo review, found ample evidence to support Merker's termination for fighting and abusive treatment of another employee. (Id. at 9). The record also reflects that the trial court conducted a de novo review, weighed the evidence, and reached its own conclusions regarding the testimony of the witnesses. (Id. at 7-9). Having reviewed the entire transcript, we find no error in the trial court's ruling. Accordingly, we overrule Merker's first assignment of error.
 II {¶ 9} In his second assignment of error, Merker claims:
 {¶ 10} "The dicipline (sic) imposed on appellant is impermissibly inconsistant (sic) in both the process and/or penality (sic)."
 {¶ 11} In this assignment of error, Merker challenges the severity of the discipline that he received. He argues that his punching of Langford was no more serious than misconduct for which other employees received brief suspensions, or even informal resolution of the problem, rather than termination.
 {¶ 12} Upon review, we are unpersuaded by Merker's argument. This court does not sit as a super personnel department, and the Dayton Civil Service Board must be given a fair degree of latitude when punishing misconduct. Indeed, we have recognized that "Civil Service Boards must have the flexibility to discipline [employees] involved in incidents * * * without being second-guessed by the courts merely on the basis of past examples of disciplinary action which may, at first glance, seem inconsistent." In re of Civ. Serv. Charges SpecificationsAgainst Norton (June 29, 1993), Montgomery App. No. 13557. As a result, "[w]e are loathe to substitute our judgment of the appropriate discipline" in a case such as this. In re Myles
(Dec. 14, 1987), Montgomery App. No. 10401.
 {¶ 13} With the foregoing observations in mind, we find no merit in Merker's claim that he received impermissibly harsh or inconsistent punishment. As noted above, the record reflects that Merker, a supervisor, struck Langford, a subordinate employee, several times. The record also reflects that Merker had a history of physically or verbally abusing other employees. He previously had been suspended for slamming his own supervisor into a door and saying "blow me." (Tr. Vol. I at 121; Vol. II at 19). He also had been suspended for directing profane language toward another supervisor. (Tr. Vol. I at 148-149). In addition, he previously had been directed to undergo counseling to help him control his anger. (Id. at 158). In light of this history and the severity of the offense at issue, we cannot say that termination was too harsh of a punishment.
 {¶ 14} To the extent that the issue is subject to appellate review, we also do not find Merker's punishment inconsistent with the discipline imposed in other cases. The record contains no evidence of any other supervisor with a prior disciplinary record similar to his who punched a subordinate employee. Absent evidence that such a supervisor received significantly more lenient treatment for the same conduct, we will not second-guess the punishment imposed in this case. Accordingly, we overrule Merker's second assignment of error.
 III {¶ 15} Based on the reasoning set forth above, the judgment of the Montgomery County Common Pleas Court is affirmed.
Judgment affirmed.
Wolff and Grady, JJ., concur.